PER CURIAM.
This appeal by the defendant below, Emma M. Cardaman, is from a summary judgment entered in favor of the plaintiff, in an action on a promissory note, in the Civil Court of Record for Dade County.
The note sued upon was made by the appellant to ABC Finance Corporation in the State of Indiana, on May 7, 1965. It was in the principal amount of $1,000, and recited it was given in consideration of a loan of that amount. The interest provided for in the note was as follows: “3% per *54 month on $150 thereof, 2% per month for an additional $150 thereof, and 1J4% Per month on the remaining amount thereof.” Payments of $39.15 per month were specified. A copy of the note was attached to the complaint. The defendant answered, admitting execution of the note and default thereon as alleged, and pleading usury.
Both parties moved for summary judgment. Plaintiff’s motion was supported by an affidavit of its president. Therein it was stated that the plaintiff was a licensed small loan company under the laws of the State of Indiana; that the loan indicated by the note had been made, and that the interest provided for therein was that which was provided for in the small loan act of Indiana; that the note was in default as alleged, with statement of the amounts of principal and accrued interest due thereunder. Attached to the affidavit was a copy of the “Small Loan License” issued to the plaintiff by the Department of Financial Institutions of the State of Indiana, and a copy of the Indiana statute relating to small loan companies under which provision was made for such loans up to the amount of $1,000 and for the charging of interest thereon in the precise amounts which, as above stated, were specified in the promissory note involved in this case. In addition, in response to a motion of the defendant for a more definite statement, the plaintiff filed a statement detailing such interest charges, as above recited, and specifying the amounts of principal and interest due on the note.
The defendant’s motion for summary judgment was supported by an affidavit which stated that on the affiant’s information and belief the amount of interest provided for on the application was 24% per annum and that such was in excess of the legal rate authorized therefor under the law of the State of Indiana.
The trial court denied the defendant’s motion and granted the plaintiff’s motion for summary judgment. In seeking reversal thereof the appellant presents the contentions that the defense of usury, as pleaded, created issues of fact which could not be determined on summary judgment, and that the interest provided for under the Indiana law, on this small loan transaction, is in excess of that which is permitted under the small loan law of Florida, and therefore, under a provision of the Florida Statute, the obligation is not enforceable in Florida.
We find those contentions to be without merit. The small loan law of Indiana, as submitted by the plaintiff, was not disputed by the defendant, and the interest provided for in the note was exactly that which was thereby authorized for such loan.
In support of the contention of usury appellant refers to a provision of the small loan law of Florida, § 516.18(3), F.S.A., reading as follows: “No loan for which a greater rate of interest or charge than is allowed by this chapter that has been contracted for or received, wherever made, shall be enforced in this state, and every person in anywise participating therein in this state shall be subject to the provisions of this chapter.”
Under the Florida Statute, § 516.14(1), F.S.A., a small loan licensee is authorized to charge interest not to exceed 3% per month “on that part of the unpaid principal balance not exceeding three hundred dollars,” and interest not to exceed 2% per month “on that part of the unpaid balance in excess of three hundred dollars but not exceeding six hundred dollars.” For an amount above six hundred dollars loaned by a Florida small loan company, interest of 10% per annum can be charged.
Application of the interest rates allowed by the Indiana and Florida laws on a loan of $1,000 made by a small loan licensee, reveals that the amount of monthly interest under the Florida law would be $18.33, whereas that authorized by the Indiana law would be $18.[1]
*55 It appears, therefore, that the interest provided for conformed to the Indiana law and was no greater than that which would be permitted to be charged on a loan of such amount by a licensee under the Florida Small Loan Act.
No reversible error having been shown, the judgment is affirmed.

. Under the Florida Small Loan Act, interest for one month would be as follows: 3% on $300 would be $9; 2% on an additional $300 thereof would be *55 $6; and interest on the remaining $400 at 10% per annum for one month would be $3.33, totaling $18.33. Under the Indiana law 3% on $150 would be $4.50; 2% on an additional $150 would be $3; and 114% on the remaining $700 would be $10.50, totaling $18.